UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 23-23989-CIV-MORENO**

HOWARD MICHAEL CAPLAN,

       Plaintiff,

vs.

7TH AVE TIRE AND WHEEL INC., a Florida
Profit Corporation and 14295 R.C.
PROPERTIES LLC, a Florida Limited
Liability Company,

       Defendants.

_____/

## ORDER DENYING DEFENDANTS 7TH AVE TIRE AND WHEEL INC. AND 14295 R.C. PROPERTIES LLC's MOTIONS TO DISMISS

THIS CAUSE came before the Court upon Defendants 7th Ave Tire and Wheel Inc. ("7th Ave") and 14295 R.C. Properties LLC's ("14295") motions to dismiss. More than one year into this case, Defendants filed what appear to be identical motions, seeking dismissal of Plaintiff Howard Michael Caplan's complaint. In its Order setting aside Defendant 14295's default, the Court ordered Defendant 14295 to file an *answer* by September 12, 2024. Without explanation, 14295 instead filed this untimely motion to dismiss—nearly two months after the deadline. Accordingly, Defendant 14295's motion is **DENIED**. Defendant 7th Ave remains in default, and so for that reason, its motion is **DENIED**. For the reasons set forth below, Defendants' motions are also **DENIED** on the merits. Defendant 14295 shall answer the complaint no later than **April 30, 2025**.

## LEGAL STANDARD

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). Rather, they must "allege some specific factual bases for those conclusions or face dismissal." *Ibid.* When ruling on a motion to dismiss, courts must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

## DISCUSSION

Defendants advance two principal arguments for dismissal. *First*, Defendants aver that Plaintiff has not pled enough facts to plausibly allege that removal of the offending barriers is "readily achievable" without much difficulty or expense. *Second*, Defendants charge that Plaintiff has no standing to sue for a permanent injunction—specifically, Plaintiff's representation that he plans to return to Defendants' tire ship in six months "fails to demonstrate a likelihood of future injury." The Court rejects both arguments.[1]

---

[1] In passing, Defendants also argue that Plaintiff "provides no evidence and makes no showing" to justify his entitlement to attorney's fees, costs, and litigation expenses. As an initial matter, Plaintiff need not present any "evidence" at the pleading stage. Moreover, the ADA authorizes courts to award "the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. The statute's plain text

Title III of the ADA prohibits discrimination based on disability by places of public accommodation that are owned, leased, or operated by private entities. 42 U.S.C. § 12182(a). To state a claim under Title III, the plaintiff must plausibly allege that: (1) he is disabled; (2) the business is a place of public accommodation that the defendant owns, leases, or operates; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA. *Norkunas v. Seahorse NB, LLC*, 444 F. App'x 412, 416 (11th Cir. 2011) (citing *id.*). Because the alleged discrimination here is based on an architectural barrier for a pre-existing building, Plaintiff must also demonstrate that removal of the barrier is "readily achievable" or "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. §§ 12181(9), 12182(b)(2)(A)(iv). However, contrary to Defendants' position, at the motion-to-dismiss stage, Plaintiff "does not need to establish how each alleged violation must be altered or cured." *Barberi v. Luisi Dollar Disc. Mini Mkt., Inc.*, No. 17-20522-CIV, 2017 WL 2651710, at *4 (S.D. Fla. June 19, 2017) (Moreno, J.) (deeming the plaintiff's allegation "that removal of the discriminatory barriers and violations is readily achievable and technically feasible" is sufficient to survive dismissal); *accord Longhini v. RCI Holdings, Inc.*, No. 21-22109-CIV, 2021 WL 6427475, at *2 (S.D. Fla. Dec. 28, 2021) (McAliley, M.J.), *report and recommendation adopted*, No. 21-22109-CIV, 2022 WL 111231 (S.D. Fla. Jan. 12, 2022). "Merely alleging that barrier removal is 'readily achievable' satisfies the pleading standard." *Barberi*, 2017 WL 2651710, at *4 (citing *Lugo v. 141 NW 20th St. Holdings, LLC*, 878 F. Supp. 2d 1291, 1295 (S.D. Fla. 2012) (Marra, J.)). Here, Plaintiff does exactly that. He states that "[u]pon information and belief, Plaintiff alleges that removal of the discriminatory barriers and violations is readily achievable and technically feasible." To be sure, Plaintiff will eventually be required to satisfy his burden of production as

dictates that Plaintiff's entitlement to these amounts hinges on the success of his Title III claim—not on some independent justification for recovery. For these reasons, this argument fails.

to whether removal of the barrier is indeed "readily achievable." *See Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1273–74 (11th Cir. 2006). But for now, he has done enough.[2]

Now consider Defendants' facial challenge to Plaintiff's standing to sue for injunctive relief. To establish standing under Article III of the Constitution, a plaintiff must allege an injury-in-fact, causation, and redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Defendants only challenge whether Plaintiff has sufficiently alleged an injury-in-fact, so the Court narrows its focus accordingly. When seeking injunctive relief, a plaintiff "must show past injury and a real and immediate threat of future injury." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1329 (11th Cir. 2013). "[A] plaintiff seeking an injunction under Title III either must have attempted to return to the non-compliant building or at least intend to do so in the future." *Id.* at 1336 (quotation marks omitted) (quoting *Shotz v. Cates*, 256 F.3d 1077, 1082 (11th Cir. 2001). To aid in this analysis, courts in this Circuit often consider four factors: "(1) the proximity of the defendant's business to the plaintiff's residence; (2) the plaintiff's past patronage of the defendant's business; (3) the definiteness of the plaintiff's plan to return; and (4) the frequency of the plaintiff's travel near the defendant's business." *Id.* at 1337 n.6; *Cohan v. Texas Roadhouse Holdings LLC*, 635 F. Supp. 3d 1341, 1347–50 (S.D. Fla. 2022) (Moore, J.) (analyzing the four "*Houston* factors"). Still, "these factors are not exclusive" and "no single factor is dispositive." *Houston*, 733 F.3d at 1337 n.6. "District courts must consider the totality of all relevant facts to determine whether a plaintiff faces a real and immediate threat of future injury." *Ibid.*

---

[2] The Court acknowledges that there are some cases in which courts have gone the other way. *See e.g., Larkin v. Cantu LLC*, No. 6:15-1544-CIV, 2017 WL 2684422, at \*5 (M.D. Fla. May 31, 2017) ("Some judges have concluded that alleging the legal conclusion that a barrier is readily achievable, without more, is insufficient to establish that removal is, in fact, readily achievable." (citing cases)), *report and recommendation adopted*, No. 6:15-1544-CIV, 2017 WL 2672617 (M.D. Fla. June 21, 2017). However, these cases are from outside this District and, in the Court's view, are inconsistent with a plaintiff's obligations at the pleading stage.

Plaintiff alleges that he is a Florida resident and that the tire shop sits "in close proximity to Plaintiff's residence and is in an area frequently traveled by Plaintiff." Plaintiff claims to have visited once as a customer, but the "discriminatory barriers" prevented him from shopping for tires. He stated a plan to return as a customer "within the next six months." Plaintiff also claims that he is a "tester" for purposes of ensuring that places of public accommodation comply with the ADA. He voiced an intent to return for this reason as well.[3] Even still, Plaintiff alleges that Defendants' "failure and refusal" to remove the "architectural barriers" precludes him from making any future visits.

Defendants contend that this is not enough for standing. They ask the Court to apply the holding in *Shotz v. Cates* to the facts of this case. But the Court declines to do so because the facts here are meaningfully different. The *Shotz* court held that the plaintiffs did not have standing because the complaint "contain[ed] only past incidents of discrimination," and the plaintiffs neither indicated that they attempted to return, "nor [did] they allege[] that they intend to do so in the future." 256 F.3d at 1082. Yes, like the *Shotz* plaintiffs, our Plaintiff only visited the allegedly non-compliant premises once before filing his complaint. But unlike the *Shotz* plaintiffs, our Plaintiff *did* allege that he intends to return to the tire shop.

It is true that although "detailed or concrete travel plans to revisit a place" are not required, something more than "a 'someday' plan" is needed. *Kennedy v. Beachside Commercial Props., LLC*, 732 F. App'x 817, 822 (11th Cir. 2018) (citing *Houston*, 733 F.3d at 1338–40). But where a plaintiff alleges that he cannot make good on his plans to revisit a place of public accommodation

---

[3] That said, the United States Court of Appeals for the Eleventh Circuit has deemed the intentions underlying a plaintiff's visit to be immaterial to whether he can establish an injury-in-fact to sue for violations of Title III. *See id.* at 1334.

because its alleged ADA violations would prevent him from ever doing so, the Constitution does not require that he make such futile visits before filing suit. *See Pinero v. JN & Sons Realty, LLC*, No. 11-20512-CIV, 2011 WL 13244705, at *2 (S.D. Fla. May 6, 2011) (Graham, J.) (concluding that the plaintiff's intention to "visit the facility again in the near future" coupled with an allegation that "he will be unable to fully utilize the Facility because of his disability due to the physical barriers to access . . . is sufficient to allege a real and immediate threat of future injury at [the motion-to-dismiss] stage." (quotation marks and citations omitted)); *Fox v. Morris Jupiter Assocs.*, No. 05-80689-CIV, 2007 WL 2819522, at *4 (S.D. Fla. Sept. 25, 2007) (Marra, J.) ("The inquiry does not require a plaintiff to continue to make 'futile' future attempts to enter the facility."); *Hoewischer v. Cedar Bend Club, Inc.*, 877 F. Supp. 2d 1212, 1222 (M.D. Fla. 2012) ("Here, Plaintiff's assertion of being deterred from returning to Defendant's property due to the encountered discriminatory barriers further establishes a cognizable interest for purposes of standing." (quotation marks and citation omitted)); *Norkunas v. Seahorse NB, LLC*, 720 F. Supp. 2d 1313, 1319 (M.D. Fla. 2010) ("Moreover, a plaintiff should not be required to make continuous 'futile' future attempts to enter the facility."), *aff'd*, 444 F. App'x 412 (11th Cir. 2011). Defendants invite the Court to consider the facts of *Houston v. Marod Supermarkets, Inc.*, believing our facts warrant a different result. While the *Houston* plaintiff "visited th[e] particular supermarket twice and encountered the alleged architectural barriers during each visit," his standing did not require a second futile visit. *See* 733 F.3d at 1336–37. Indeed, recounting the facts central to its holding that the plaintiff had standing, the *Houston* court outlined that the plaintiff "has been to the store in the past, he wants to return, and his frequent trips directly past the store render it likely that he would do so were it not for the alleged ADA violations." *Id.* at 1337. Plaintiff alleges each of these facts here. The totality of the facts in *Houston* gave rise to a threat of future injury that was

more than "merely conjectural or hypothetical." *Ibid.* (quotation marks omitted). So too here. While Plaintiff's "singular documented visit" to the tire shop, standing alone, would not be enough to confer standing, the totality of the circumstances militates toward a finding that Plaintiff has cleared the hurdle. Plaintiff's allegations—his documented visit to the tire shop, his intention to return in the near future (though doing so would be futile), his home's close proximity to the tire shop, and his frequent travel to the area in which the tire shop is located—pass constitutional muster. As such, Plaintiff has alleged enough for standing.

**CONCLUSION**

Accordingly, it is

**ADJUDGED** that Defendant 7th Ave Tire and Wheel Inc.'s Motion to Dismiss **(D.E. 21)** and Defendant 14295 R.C. Properties LLC's Motion to Dismiss **(D.E. 22)** are **DENIED**. Defendant 14295 shall answer the complaint no later than **April 30, 2025**.

DONE AND ORDERED in Chambers at Miami, Florida, this ___16___ of April 2025.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record